IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-327-WDM-MJW

JON VAUPEL,

    Petitioner,

v.

MARIO ORTIZ,
J. ALEXANDER,
MICHAEL CHERTOFF,
MICHAEL J. GARCIA, and
ALBERTO GONZALES,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Michael J. Watanabe, issued April 11, 2005, that, *inter alia*, the petition for writ of habeas corpus filed by Petitioner Jon Vaupel be denied. Vaupel filed a timely objection to the recommendation. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record, including the petition for writ of habeas corpus, the parties' filings on the motion to dismiss the non-custodial respondents, the filings on the motions to dismiss the habeas petition, Vaupel's motions, the recommendation, and Vaupel's objections. For the reasons that follow, I will accept the recommendation as discussed below.

With regard to the motion to dismiss the non-custodial respondents, I agree with Magistrate Judge Watanabe that respondents Ortiz, Chertoff, Garcia, and Gonzales are

not proper respondents in this habeas corpus action.  *See, e.g., Blango v. Thornburgh*, 942 F.2d 1487, 1491-92 (10th Cir. 1991).  Because I agree these respondents should be dismissed, I address the motion to dismiss the habeas petition only in the context of the remaining respondent, Mr. Alexander.

With regard to the motion to dismiss the habeas petition, Vaupel raises numerous issues in his objection to the recommendation.  Several of his arguments appear to be based on the erroneous assumption that he was admitted into the United States in January 2003 on his visa waiver application.  8 U.S.C. § 1187.  Documents attached to the March 14, 2005 motion to dismiss the habeas petition show instead that Vaupel was refused admission but given a thirty-day humanitarian parole to allow him to be with his wife (or fiancée), who was ill and pregnant.[1]  Motion to Dismiss, Exhibit A-7.  When the terms of the parole ended on March 7, 2003 (on an extension), Vaupel reverted back to his status as an inadmissible arriving alien.  Vaupel is incorrect, therefore, that he was lawfully present in this country following his January 2003 parole.

After March 7, 2003, because Vaupel was not admitted as a visa waiver applicant, he was subject to removal without a hearing under 8 U.S.C. § 1225(b)(1) as an alien inadmissible for not being in possession of valid entry documents pursuant to § 1182(a)(7)(A)(i)(I).  Further, while I do have jurisdiction to review the removal decision in habeas corpus proceedings, this review is limited to determining whether Vaupel is an

---

[1] The respondents' motions to dismiss the habeas petition and the recommendation both rely erroneously on the visa waiver statute to argue or find that Vaupel waived the right to contest the removal action, citing 8 U.S.C. § 1187(b). Because Vaupel was not admitted to this country on a visa waiver, this statute does not apply.

alien, whether he was ordered removed under § 1225(b)(1), and whether he can prove he has been lawfully admitted or granted asylum. 8 U.S.C. § 1252(e)(2). None of these factors suggest the removal decision was incorrect. Vaupel's argument that the removal order was invalid is therefore unavailing.

Vaupel's detention pending removal is not unlawful. 8 U.S.C. § 1231(a)(6).

Vaupel also contends that there is no final order of removal because the order served on him was not signed by a proper supervisor. To the contrary, the Order of Removal (Exhibit A to Objection) bears the signature of Jeffrey Taylor, Acting Supervisory Deportation Officer.

I am troubled by evidence that suggests Vaupel's ex-wife is involved with defendant Mario Ortiz, but the record does reflect that Ortiz did not deny Vaupel's I-485 application until after the ex-wife withdrew her petition in support of Vaupel.

I agree with the recommendation that Vaupel's various motions should be denied.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe, issued April 11, 2005, is accepted as discussed herein.
2. The motion to dismiss the non-custodial respondents, filed March 14, 2005, is granted.
3. The non-custodial respondents' motion to dismiss the habeas petition, filed March 14, 2005, is moot.
4. Respondent Alexander's motion to dismiss the habeas petition, filed March 25,

2005, is granted, and Vaupel's petition for writ of habeas corpus is denied.

5. Vaupel's motion for stay of deportation and for temporary relief, filed February 22, 2005, is denied.

6. Vaupel's motion for interim relief, filed March 11, 2005, is denied as moot.

7. Vaupel's motion for expedited habeas review, filed February 22, 2005, is denied as moot.

DATED at Denver, Colorado, on July 27, 2005.

                                                  BY THE COURT:

                                                  /s/ Walker D. Miller
                                                  United States District Judge