UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| JON STEPHAN VAUPEL,<br><br>    Petitioner,<br><br>v.<br><br>MARIO ORTIZ; J. ALEXANDER; MICHAEL CHERTOFF; MICHAEL J. GARCIA; ALBERTO R. GONZALES, Attorney General,<br><br>    Respondents. | No. 05-9571 |

ORDER
Filed January 3, 2006

Before **HENRY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

    Jon Stephan Vaupel, a citizen of Australia, was ordered removed from the United States in an expedited proceeding under INA § 235(b)(1), 8 U.S.C. § 1225(b)(1). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in federal district court, alleging that he was denied substantive and procedural due process in the removal proceeding. After the signing of the REAL ID Act of 2005 on May 11, 2005, the respondents moved to transfer the § 2241 action from the district court to this court. The district court granted the motion and transferred the case.

Contending that their prior motion to transfer was in error, the respondents have now requested that the action be transferred back to the district court. In the meantime, Mr. Vaupel has filed a motion for a subpoena duces tecum in an effort to obtain documents from United States Citizenship and Immigration Services that he believes will support his § 2241 petition and his defense against a pending Colorado criminal charge.

Judicial review of immigration proceedings is governed by INA § 242, 8 U.S.C. § 1252. Because the order of removal was issued under INA § 235(b)(1), 8 U.S.C. § 1225(b)(1), the relevant judicial review provisions are 8 U.S.C. §§ 1252(a)(2)(A), 1252(a)(5), and 1252(e), as they exist after the REAL ID Act of 2005, PL 109-13, 119 Stat. 231 (RIDA).

This case involves an expedited order of removal under 8 U.S.C. § 1225(b)(1). Thus, § 1252(a)(2)(A) would seem to strip the district court of jurisdiction over this matter. Such a conclusion would be bolstered by § 1252(a)(5), which makes petitions for review in the courts of appeals the "sole and exclusive means for judicial review" for most orders of removal. Importantly, however, both § 1252(a)(2)(A) and § 1252(a)(5) provide an exception for cases governed by § 1252(e). Section 1252(e), in turn, provides for limited review of § 1225(b)(1) orders via a § 2241 habeas petition.

RIDA provides that § 2241 proceedings that were pending in the district court on May 11, 2005 were to be transferred to the appropriate court of appeals.

*See* PL 109-13, 119 Stat. 231, § 106(c). The respondents relied on this provision in filing their initial motion to transfer. But as they have now recognized, because this case involves an order of removal under § 1225(b)(1), it is one that falls under § 1252(e), and therefore is an exception to the general provisions of §§ 1252(a)(2)(A) and 1252(a)(5) and the transfer directive. Under these circumstances, RIDA did not require the district court to transfer the case, and it does not require this court to treat the § 2241 petition as a petition for review. *See also Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir. 2005) ("[U]nder the new judicial review regime imposed by [RIDA], a petition for review is now the exclusive means for challenging final removal orders by the BIA, *except those issued pursuant to 8 U.S.C. § 1225(b)(1).*" (emphasis added)); *Bonhometre v. Gonzales*, 414 F.3d 442, 445 (3d Cir. 2005) (same).

It is unfortunate that Mr. Vaupel's petition has been delayed, but at the present time this court has no jurisdiction to take any further action in this matter. Respondents' motion to transfer is GRANTED. This case is TRANSFERRED back to the United States District Court for the District of Colorado for further proceedings. Mr. Vaupel's motion for a subpoena duces tecum is DISMISSED without prejudice to renewal in the district court.

> Entered for the Court
> Elisabeth A. Shumaker, Clerk
>
> By: [signature]
> Deputy Clerk